POSNER, Circuit Judge.
The plaintiff, which for simplicity we’ll call just Tate, sells ingredients used in the food and beverage industry. The defendant, Glatt, a member of a substantial German conglomerate called the Glatt group, sells processing equipment to the food industry. In 2008 Tate and Glatt made a contract whereby Glatt would for $7,042,022 design and build a three-story-tall food-manufacturing machine called a granulator, which would be installed on Tate’s premises in Sycamore, Illinois. The following year, after the granulator was up and running, it caught fíre and was seriously damaged. The product being processed at the time of the fire was a corn product that was flammable and during processing gave off flammable dust.
More than three years later Tate brought this lawsuit against Glatt, basing federal jurisdiction on diversity of citizenship and claiming that the fire had resulted from defects in the granulator—either failure to install a fire-suppression system or defects in filters essential to filtering the flammable dust from the exhaust of the machine.
Tate sought damages of $7,784,767 for damage to its property, repair costs, and lost profits. Its insurer, American Guarantee, paid it $2,743,248, and then joined the litigation to recover that expenditure from Glatt. Glatt counterclaimed against Tate for $976,500, the unpaid balance on the contract for the granulator, although it later reduced its damages request to $700,000. The parties agreed to allow a magistrate judge, Eric Long, to preside, who ruled that a provision of the contract between Tate and Glatt forbidding the recovery of “special damages” prohibited Tate (and therefore its insurer) from recovering lost profits. As a result of this ruling, Tate reduced its damages claim to $972,000 and the insurer reduced its claim to $853,254.
The case went to a jury, which awarded the insurer $853,254, but Tate and Glatt nothing. But Tate was entitled, the judge ruled, to recover some attorneys’ fees and other litigation expenses from Glatt pursuant to a provision of the contract between the companies that entitled a prevailing party to “reasonable legal and other professional fees and expenses.” The judge awarded Tate $785,422.50, and its insurer $213,313.50, in attorneys’ fees. He awarded an additional sum in professional fees and expenses of $356,075.96, but didn’t indicate how he was splitting the amount between Tate and its insurer.
Pointing to a provision in the contract that forbids the award of “special damages,” Glatt argues that attorneys’ fees, along with other professional fees and expenses, are “special damages”—but obviously not in this contract, as it would wipe out the provision awarding such fees *571 and expenses to the prevailing parties, Tate and the insurer.
At the trial Tate argued that the fire had been caused by an electrostatic spark from a defective filter. Glatt argued that the cause of the fire had been unrelated to the filters—rather that the powder in the granulator had “self-heated” by undergoing a heat-releasing chemical reaction that had raised the temperature of the product to a height at which it caught fire.
Glatt argues that the judge should not have allowed Tate to argue to the jury that any of the filters in the granulator were defective, because before the trial Tate had in response to a request for admissions by Glatt admitted not being “presently aware of anyone that observed cracked, chipped, or poorly fitting filters in the Granulator following work performed by Dynacoil [a Glatt contractor, shortly before the fire],” and Tate also admitted not having discovered “any evidence that one or more of the Granulator filters or filter housings [was] cracked, chipped or poorly fitting at the time the September 17,2009 fire started.”
Federal Rule of Civil Procedure 36(b) states that “a matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.” In other words, while “a judicial admission is conclusive, unless the court allows it to be withdrawn,” Keller v. United States, 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995), the district judge in this case did that, albeit informally, when he allowed Tate, over Glatt’s objection, to argue and present testimony that there had indeed been defective filters in the granulator before the fire occurred. Had Tate’s evidence contradicted its admission, then the district court would have erred, because Tate never moved to withdraw or amend the admission in question. But there was no contradiction.
Glatt exaggerates the scope of Tate’s admissions. They were not unqualified— Tate had explained that although it had no “direct evidence that one or more of the Granulator filters or filter housings was cracked or chipped at the time the fire started,” as the filters that were in the Granulator at the time of the fire had been destroyed by the fire, it had indirect evidence suggesting that one or more than one filter may have been cracked at the time of the fire. Read as a whole, far from admitting that there was no possibility that any evidence of defective filters predated the fire, Tate merely denied having any direct evidence, instead asserting that “following the fire, additional work needed to be done to the filter housing because filters were poorly fitting which would suggest the filter housing and filters [had] remained poorly fitting even at the time of the fire.” And two months after Tate had submitted its very limited admissions, it supplemented them by presenting evidence that no fewer than 16 filters installed in the Granulator before the fire had been damaged. Tate should have invoked Rule 36(b), but as its failure to do so was harmless when all the evidence is considered, to order a new trial on the basis of a technical error would be to arrogate form over substance, wasting everybody’s time to no purpose.
Glatt’s brief recites a laundry list of additional alleged errors in the proceedings below, relating to the admission of evidence, its request for additional discovery, and other matters. But its arguments are close to being cursory, and the issues *572 they raise were resolved soundly by the trial judge. ,
Because we find that neither the magistrate judge nor the jury committed a reversible error, the judgment of the district court is
Affirmed.